# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF TEXAS

# SHERMAN DIVISION

| | | |
|---|---|---|
| **DERICK L. JIMERSON** | § | |
| vs. | § | CIVIL ACTION NO. 4:13CV523 |
| | | Criminal Case No. 4:11CR60(1) |
| **UNITED STATES OF AMERICA** | § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

The Report and Recommendation of the Magistrate Judge, which contains his findings, conclusions, and recommendation for the disposition of this action, has been presented for consideration. The Magistrate Judge has recommended that Jimerson's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 be denied and that the case be dismissed with prejudice. Jimerson has filed written objections. Having made a *de novo* review of the objections filed by Jimerson, the court finds that the findings, conclusions and recommendation of the Magistrate Judge are correct.

Jimerson objects to the Report and Recommendation of the Magistrate Judge on two grounds. Neither argument has merit.

First, Jimerson contends that his guilty plea was coerced by the government's alleged threats to prosecute his mother for perjury should he proceed to trial. He argues that the Magistrate Judge erred in concluding he was not entitled to an evidentiary hearing to determine whether his plea was involuntary in light of these allegations.

The Fifth Circuit has explained that, so long as the government has probable cause to bring charges against a defendant's relative, the "defendant's plea 'would not be involuntary by reason of a desire to extricate his relatives from such a possible good faith prosecution.'" *United*

1

*States v. McElhaney,* 469 F.3d 382, 385 (5th Cir. 2006) (quoting *Diaz*, 733 F.2d at 375). And, as Jimerson concedes, "ordinarily, a 'defendant is entitled to an evidentiary hearing on his § 2255 motion only if he presents 'independent indicia of the likely merit of [his] allegations.'" Objections at 3 (quoting *United States v. Reed*, 719 F.3d 369, 373-74 (5th Cir. 2013) (quoting *United States v. Cavitt*, 550 F.3d 430, 442 (5th Cir. 2008))). In order to establish an entitlement to relief on his claim, Jimerson bore the burden of showing that the government threatened to prosecute his mother in bad faith, that is, without probable cause to bring the threatened charge. *See McElhaney,* 469 F.3d at 385. The court finds that he has failed to make such a showing.

In support of his claim for habeas relief, Jimerson cites only the affidavit of a co-conspirator, who was allegedly threatened with prison time should she refuse to testify against Jimerson. He offers no indicia that the government lacked probable cause to initiate the threatened perjury charge against his mother, which he claims was the motivating factor behind his guilty plea. Indeed, he makes no argument or showing that the government acted in bad faith during plea negotiations in any way. And the record is devoid of evidence that would give rise to such an inference. Accordingly, the court must agree with the Magistrate Judge's assessment that Jimerson has not to shouldered the "heavy burden" on a defendant seeking to overcome an attestation of voluntariness. *Id.* And the court agrees, further, that Jimerson is not entitled to an evidentiary hearing on the issue. *See Wilson v. Butler*, 825 F.2d 879, 880 (5th Cir. 1987), *cert. denied*, 484 U.S. 1079 (1988) ("to receive a federal evidentiary hearing, a petitioner must allege facts that, if proved, would entitle him to relief").

Next, Jimerson argues that the Magistrate Judge erroneously relied on the Fifth Circuit's decision in *United States v. White*, 307 F.3d 336 (5th Cir. 2002) to determine that his remaining claims are procedurally barred under the terms of his plea agreement. He does not argue that the Magistrate Judge misinterpreted or misapplied the case. Rather, he argues that "*White* needs to be reconsidered," citing, in support of his argument, the dissenting opinion in *White* and conflicting precedent from the Fourth Circuit. Objections at 5.

But, as the Magistrate Judge noted in his Report and Recommendations, the Fifth Circuit considered the reasoning of sister circuits at length before announcing the rule applicable in this circuit in the *White* opinion. *White*, 307 F.3d at 341-43. The court expressly rejected the reasoning of the Fourth Circuit, which Jimerson suggests this court apply to his claims. *Id.* Instead, the Fifth Circuit aligned itself with the Sixth, Seventh, Ninth and Tenth Circuits and concluded that "an ineffective assistance of counsel argument survives a waiver of appeal only when the claimed assistance **directly affected the validity of that waiver or the plea itself.**" *Id.* (emphasis added) (citing *Djelevic,* 161 F.3d 104; *Davila v. United States,* 258 F.3d 448 (6th Cir.2001); *Jones v. United States,* 167 F.3d 1142 (7th Cir.1998); *Mason v. United States,* 211 F.3d 1065 (7th Cir. 2000); *United States v. Pruitt,* 32 F.3d 431 (9th Cir.1994); *United States v. Cockerham,* 237 F.3d 1179 (10th Cir. 2001)).

The court agrees with the Magistrate Judge's conclusion that the Fifth Circuit intended to give broad reach to waivers of appeals in knowing and voluntary plea agreements. Further, the court notes it has no authority to rule contrary to the Fifth Circuit's decision in *White* or deviate from the clear rule announced in the case. Accordingly, the court agrees with the Magistrate Judge's conclusion that, under *White*, Jimerson's claims of ineffective assistance of counsel at and following the sentencing hearing cannot survive the waiver of appeal contained in his valid plea agreement.

The court finds that Jimerson's objections are without merit and will be overruled. The findings and conclusions of the Magistrate Judge are therefore adopted as those of the court.

In light of the foregoing, it is

**ORDERED** that Petitioner's objections are hereby **OVERRULED**. It is further

**ORDERED** that Petitioner's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 is **DENIED** and that the case is hereby **DISMISSED WITH PREJUDICE**. It is further

**ORDERED** that any motion not previously ruled on is **DENIED.**

**SIGNED this the 3rd day of August, 2016.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE